**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KELVIN MCLEAN, | : | |
| | : | Civil Action No. 07-4363 (KSH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CITY OF PATERSON, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff pro se
Kelvin McLean
Central Reception & Assignment Facility
P.O. Box 7450
West Trenton, NJ 08628

**HAYDEN**, District Judge

Plaintiff Kelvin McLean, a prisoner confined at the Central Reception and Assignment Facility in West Trenton, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that, on or about December 8, 2005, in connection with a prosecution against him in the Superior Court of New Jersey, Passaic County, a prosecutor obtained the admission of a "purported New Jersey forensic laboratory certificate." (Complaint, ¶ 4(b), (c), (e), (f).) Plaintiff alleges that the named defendants initiated a malicious and vindictive prosecution against him in which they committed perjury to attempt to establish probable cause. It is not clear whether the alleged perjury is based upon the "purported New Jersey forensic laboratory certificate." In addition to these acts, Plaintiff alleges that the defendants:

> engaged in the following (1) negligence, (2) gross negligence, (3) wanton negligence, (4) conspiracy tort, (5) willful blindness, (6) intentional infliction of mental distress, (7) negligent infliction of mental distress, (8) intentional interference of property, (9) intentional destruction of property, (10) trespass, (11) false arrest, (12) false imprisonment, (13) misuse of legal procedure, (14) abuse of process, (15) false swearing, and (16) extreme outrage, libel (17)-(18) slander.

(Complaint, ¶ 6(3).)  With the exception of the false arrest and false imprisonment claims, the Court construes these allegations as attempts to state claims under state law.

Plaintiff names as defendants the City of Paterson, the Paterson Prosecutor's Office, and prosecutors James Avigliano, D. Albritton-Dundick, Walter R. Dewey, Jr., and Joshua Vazquez, as well as various "John Doe" and "XYZ" defendants.[1]  Plaintiff seeks declaratory and injunctive relief[2] and compensatory and punitive damages.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the

---

[1] The defendants named in the caption do not correspond completely with the defendants described in the text of the Complaint.

[2] Plaintiff seeks an injunction to prevent the defendants from committing such acts towards any other citizen of the State and the United States.

plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).  See also Morse v. Lower Merion School Dist., 132 F.3d at 906 (a court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the

4

former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  <u>Deutsch v. United States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A <u>pro se</u> complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981).  Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.  <u>SECTION 1983 ACTIONS</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

>     injured in an action at law, suit in equity, or other
>     proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.   ANALYSIS

A.   Claims Against the City of Paterson

Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v.

Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

To establish municipal liability under § 1983, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990), quoted in Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253, 269 n.16 (3d Cir.), cert. denied, 516 U.S. 915 (1995), and quoted in Woodwind Estates, Ltd. v. Gretkowski, 205 F.3d 118, 126 (3d Cir. 2000).  A plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the plaintiff's injury. Monell, 436 U.S. at 689.

> A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict." Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (plurality opinion)).  A custom is an act "that has not been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law." [Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997).]
>
>    There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983.  The first is where "the appropriate officer or entity promulgates a generally applicable

7

>statement of policy and the subsequent act complained of is simply an implementation of that policy." The second occurs where "no rule has been announced as policy but federal law has been violated by an act of the policymaker itself." Finally, a policy or custom may also exist where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.'"

Natale, 318 F.3d at 584 (footnote and citations omitted).

Here, although Plaintiff names the City of Paterson as a defendant in the caption of the Complaint, he alleges no facts in the text of the Complaint that would suggest that the municipality was the moving force behind any of the events described in the text of the Complaint. While a plaintiff need not plead facts so long as the complaint meets the notice pleading requirements of Rule 8 of the Federal Rules of Civil procedure, see Alston v. Parker, 363 F.3d 229, 233-34 and n.6 (3d Cir. 2004), a complaint must plead facts sufficient at least to "suggest" a basis for liability, see Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004) (clarifying Alston). See also In re Tower Air, Inc., 416 F.3d 229, 236-38 (3d Cir. 2005) (a plaintiff should plead "basic facts," for those are necessary to provide the defendant fair notice of the plaintiff's claims and the grounds upon which it rests). See also Erickson v. Pardus, 127 S.Ct. 2197 (June 4, 2007) ("Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the

... claim is and the grounds upon which it rests.' Bell v. Atlantic Corp. v. Twombly, 550 U.S. ___, ___ (2007) (slip op., at 7-8) (quoting Conley v. Gobson, 355 U.S. 41, 47 (1957))."). As this Complaint alleges no facts suggesting a basis for municipal liability, it fails to meet the notice pleading requirements of Rule 8 with respect to the claim against the City of Paterson. Accordingly, all claims against the City of Paterson will be dismissed without prejudice.

B.  Claims Against the "John Doe" and "XYZ" Defendants

Nowhere in the Complaint does Plaintiff allege any facts suggesting what the "John Doe" and "XYZ" defendants are alleged to have done or, indeed, who they are.  While fictitious defendants "'are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed,'" Hindes v. FDIC, 137 F.3d 148, 155 (3d Cir. 1998) (citations omitted), Plaintiff's failure here to allege any identifying characteristics or any facts suggesting a basis for liability requires dismissal of all claims against the fictitious defendants for failure to state a claim.

C.  Claims Against the Prosecutorial Defendants

Plaintiff alleges that the Paterson Prosecutor's Office and prosecutors James Avigliano, D. Albritton-Dundick, Walter R. Dewey, Jr., and Joshua Vazquez obtained or conspired to obtain the admission of a "purported New Jersey forensic laboratory

certificate" and initiated a malicious and vindictive prosecution against Plaintiff in which they committed perjury to attempt to establish probable cause.

This is Plaintiff's second civil rights complaint against prosecutors in connection with this prosecution. In <u>McLean v. Baidwan</u>, Civil Action No. 06-4132 (WJM), Plaintiff alleged that prosecutors D. Albritton-Dundick and Walter R. Dewey, Jr., violated his constitutional rights by the "admission of purported New Jersey forensic laboratory certificate" in front of the Grand Jury. (Complaint ¶ 6.) The Honorable William J. Martini of this Court dismissed these claims on the ground of absolute immunity afforded to prosecuting attorneys for acts undertaken in the course of their roles as an advocate for the state in a criminal prosecution. <u>See</u> <u>McLean v. Baidwan</u>, Civil Action No. 06-4132 (WJM), Opinion and Order entered September 12, 2006 (Docket Entries Nos. 2, 3).[3] Plaintiff did not appeal the dismissal of those claims. Thus, insofar as the claim alleged here is the same claim alleged in Civil Action No. 06-4132 against Defendants Albritton-Dundick and Dewey, the doctrine of res judicata precludes their relitigation here. <u>See</u>, <u>e.g.</u>, <u>Marin v. Department of Defense</u>, 145 Fed.Appx. 754, 2005 WL 2009027 (3d. Cir. Aug. 23, 2005) (dismissing, as frivolous, appeal by <u>in forma</u>

---

[3] The Order does not state whether the dismissal is with or without prejudice. Such a dismissal is presumed to be a dismissal with prejudice. <u>See</u> Fed.R.Civ.P. 41(b).

pauperis appellant of District Court's dismissal of previously-litigated claims on basis of doctrine of res judicata).

To the extent the claims asserted here extend beyond the admission of the laboratory certificate in some proceeding other than the proceeding before the grand jury, and to the extent Plaintiff now asserts that claim against other defendant prosecutors, the claims are nonetheless barred by the absolute immunity accorded prosecutors acting within the scope of their duties in initiating and pursuing a criminal prosecution.

"[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. Imbler v. Pachtman, 424 U.S. 409, 410 (1976). Thus, a prosecutor's appearance in court as an advocate in support of an application for a search warrant and the presentation of evidence at such a hearing are protected by absolute immunity. Burns v. Reed, 500 U.S. 478, 492 (1991). Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

Moreover, any claim that prosecutorial misconduct deprived Plaintiff of his constitutional right to a fair trial is barred

until such time as Plaintiff's conviction is overturned or otherwise invalidated.

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C.§ 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding.  Again,

the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted). The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." <u>Id.</u> at 489-90.

13

"Considering <u>Heck</u> and summarizing the interplay between habeas and § 1983 claims, the Supreme Court recently explained that, 'a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - <u>if</u> success in that action would necessarily demonstrate the invalidity of the confinement or its duration.'" <u>Williams v. Consovoy</u>, 453 F.3d 173, 177 (3d Cir. 2006) (quoting <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-82 (2005)) (emphasis in original).

Here, Plaintiff's claim that he was deprived of a fair trial by prosecutorial misconduct in the form of use of false evidence or perjured testimony is the type of claim that, if successful, would necessarily demonstrate the invalidity of the conviction. <u>See generally</u>, <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637 (1974); <u>Giglio v. United States</u>, 405 U.S. 150 (1972); <u>Wright v. Vaughn</u>, 473 F.3d 85 (3d Cir. 2006); <u>Moore v. Morton</u>, 255 F.3d 95 (3d Cir. 2001). Accordingly, the claim for declaratory relief must be dismissed without prejudice.

D.  <u>Request for Injunctive Relief</u>

Plaintiff asks this Court to "Provide injunctive relief to prevent said Defendant[s] from committed such acts towards any other citizen of the State, and United States." (Complaint, ¶ 7.) Plaintiff lacks standing to bring this claim for

14

prospective injunctive relief. He cannot show that he faces a real and immediate threat of future injury arising out of the challenged conduct. See, e.g., City of Los Angeles v. Lyons, 461 U.S. 95 (1983); Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987). Without formally proceeding as a representative of a class, see, e.g., Wolff v. McDonnell, 418 U.S. 539, 553 (1974), Plaintiff also cannot seek relief for third parties. See Warth v. Seldin, 422 U.S. 490, 499 (1975) (holding that a plaintiff "cannot rest his claim on the rights or interests of third parties" or merely assert a harm that is a generalized grievance "shared in substantially equal measure by all or a large class of citizens"). Accordingly, the claim for prospective injunctive relief will be dismissed with prejudice.

E.  False Arrest/False Imprisonment Claims

Without alleging any facts suggesting a basis for liability, Plaintiff alleges that the defendants are liable to him for false arrest and false imprisonment.

It is well established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation actionable under § 1983. See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989)(citing cases); see also, Albright v. Oliver, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures). Under New Jersey law, false arrest has

15

been defined as "the constraint of the person without legal justification."  Ramirez v. United States, 998 F. Supp. 425, 434 (D.N.J. 1998) (quoting Fleming v. United Postal Service, Inc., 604 A.2d 657, 680 (N.J. Law Div. 1992)).

To state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements:  (1) that there was an arrest; and (2) that the arrest was made without probable cause.  Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988).  To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed."  Lind v. Schmid, 67 N.J. 255, 262 (1975).  "Probable cause . . . requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt."  Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995).  Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense."  Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (quoting Beck v. State of Ohio, 379 U.S. 89, 91 (1964)); Sharrar v. Felsing, 128 F.3d 810, 817 (3d Cir. 1997).

Moreover "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995); Palma v. Atlantic County, 53 F. Supp. 2d 743, 755 (D.N.J. 1999)(citing Groman). Indeed, the U.S. Supreme Court recently noted that, "False arrest and false imprisonment overlap; the former is a species of the latter." Wallace v. Kato, 127 S.Ct. 1091, 1095 (2007).

An arrestee could file suit as soon as the allegedly wrongful arrest occurs; the limitations period begins to run, however, only when the allegedly false imprisonment ends, that is, when the arrestee becomes held by legal process, for example, when he is bound over by a magistrate or arraigned on criminal charges. Wallace, 127 S.Ct. at 1095-96.

Plaintiff has alleged no facts suggesting that the defendants here were in any way responsible for his detention prior to the time he became held pursuant to legal process. Accordingly, this claim will be dismissed without prejudice.

F.  State Law Claims

Pursuant to 28 U.S.C. § 1367(c)(3), where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related state law claim. The Court of Appeals for the Third

Circuit has held that, where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted). As no such extraordinary circumstances appear to be present, this Court will dismiss the state law claim without prejudice.

## V. CONCLUSION

For the reasons set forth above, all claims are subject to dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.[4]  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies with respect to certain claims, the Court will grant Plaintiff leave

---

[4] The Court notes that "'[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' ... The dispositive inquiry is whether the district court's order finally resolved the case." Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995) (quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted).  In this case, if Plaintiff can correct the deficiencies of his Complaint, he may file a motion to re-open these claims in accordance with the court rules.

to move to re-open and file an amended complaint.[5]  An appropriate order follows.

/s/ Katharine S. Hayden

_____
Katharine S. Hayden
United States District Judge

Dated: 9/19/07

---

[5] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id.